UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| EUGENE FOOKSMAN,<br><br>Plaintiff,<br><br>v.<br><br>HUNTER ABRAMSON, et al.,<br><br>Defendants. | Case No.  3:20-cv-07109-WHO<br><br>**ORDER ADOPTING REPORT AND RECOMMENDATION IN PART, ENTERING DEFAULT JUDGMENT**<br><br>Re: Dkt. Nos. 25, 29 |

   Plaintiff Eugene Fooksman moved to enter default judgment against defendants Hunter Abramson and Cairn Capital Holdings, d/b/a The Cairn Companies, LLC, on February 16, 2021. Dkt. No. 25; *see also* Dkt. No. 22 (entry of default).  Magistrate Judge Thomas S. Hixson issued a report and recommendation on March 11, 2021, requesting reassignment to a district judge and recommending that the motion be granted and damages and attorney's fees be awarded.  Report and Recommendation ("R&R") [Dkt. No. 29].  No party has filed objections to the report and recommendation and the time for objecting has expired.  *See* Fed. R. Civ. P. 72(b).

   I have reviewed the Complaint, exhibits, motion, and report and recommendation.  I ADOPT IN PART Judge Hixon's report and recommendation with respect to the entry of default judgment and its award of damages.  For the reasons explained there, Fooksman's motion for default judgment is GRANTED on the breach of contract claim and Fooksman is awarded $3,187,028 in damages.  Judgment will be entered accordingly.

   I will, however, depart from the recommended award of attorney's fees. The law governing this determination is discussed thoroughly in the report and recommendation.  The contract at issue permits awards of attorney's fees arising from suits over default on the loan up to five percent of the loan principal.  *See* R&R at 15.  Fooksman sought $43,852.95, which is less than

United States District Court<br>Northern District of California

United States District Court
Northern District of California

1   the five percent ceiling.  *Id.*; Dkt. No. 25 at 22–23.  Judge Hixson found the number of hours

2   worked reasonable, and I agree for the reasons explained there.  *See* R&R at 19–20.  Where I

3   disagree is this: Judge Hixson reduced the hourly rate that each attorney billed Fooksman by

4   roughly half based on concerns that the rates were unreasonable given prevailing market rates.

5   *See id.* at 16–19.  I will increase this rate award, though not to the full amount originally

6   requested.

7       Three lawyers worked on the matter, all at Cooley LLP.  *Id.* at 17.  Amanda Main is a

8   partner whose 2020 billing rate was $1,040; Alexander Galicki is an associate whose 2020 billing

9   rate was $875; Robert Eisenbach "offered advice" for less than one hour at a rate of $1,270.  *Id.*

10  (citing Declaration of Amanda Main [Dkt. No. 25-1]).  Beginning February 1, 2021, Main's rate

11  rose by $90 an hour and Galicki's rate rose by $155 an hour.  Dkt. No. 25-1 ¶¶ 8–10.  Fooksman

12  was given a ten percent discount in this case.  *Id.* ¶ 7.  Judge Hixson found these rates higher than

13  the norm in this District for attorneys of similar qualifications working on similar cases.

14      I agree with the report and recommendation to the extent that it found that this matter's

15  relative simplicity does not warrant awarding the full rates billed:  It is a straightforward breach of

16  contract case for non-repayment of a loan that quickly resulted in entry of default judgment.  *See*

17  *Vogel v. Harbor Plaza Ctr., LLC*, 893 F.3d 1152, 1158 (9th Cir. 2018) (explaining that the rate is

18  based, among other considerations, on the nature of the work).  As Judge Hixson illustrated, courts

19  in this district have often found partners' rates between roughly $500 and $1,000 to be reasonable

20  in such cases.  R&R at 17–18 (collecting cases).  The rates courts have found reasonable to be

21  billed by associates are more variable.  While they have reached approximately as high as

22  Galicki's 2020 rate, *see, e.g.*, *In re High-Tech Emp. Antitrust Litig.*, No. 11-CV-02509-LHK, 2015

23  WL 5158730, at *9 (N.D. Cal. Sept. 2, 2015), they have tended to have an upper limit of closer to

24  $500, *see* R&R at 17–18 (collecting cases).

25      Because of the straightforward nature of what has been required of counsel so far in this

26  suit, and considering the prevailing market rates courts have found in this District for attorneys of

27  like experience, I will reduce each attorney's rate by twenty-five percent and apply Judge

28  Hixson's lodestar methodology.  I will also use the 2020 rates because (1) the great majority of the

work was performed prior to the billing increase, (2) the 2021 increase carries the figures further from reasonable baseline rates (especially when it comes to Galicki), and (3) Fooksman—who bears the burden—has not pointed to any case of similar complexity in which such high rates were found reasonable.  And I will apply the rate reduction after the ten percent discount given to Fooksman because that is the rate the attorneys negotiated and these fee awards must not result in a "windfall."  *Vogel*, 893 F.3d at 1158.

Main's post-discount fee is reduced to $702, Galicki's to $590, and Eisenbach's to $857. Multiplying these rates by the hours Judge Hixson found reasonable—16.6 for Main, 30.7 for Galicki, and 0.8 for Eisenbach—leads to a total award of $30,451.80.  Fooksman is AWARDED this amount in attorney's fees.

**IT IS SO ORDERED.**

Dated: March 31, 2021

William H. Orrick
United States District Judge

United States District Court
Northern District of California

3